**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: ABBOTT LABORATORIES, et al., | ) | |
| PRETERM INFANT NUTRITION PRODUCTS | ) | MDL No. 3026 |
| LIABILITY LITIGATION | ) | |
| | ) | Master Docket No. 22 C 71 |
| This Document Relates to: | ) | |
| Removed Pennsylvania Cases[1] | ) | Judge Rebecca R. Pallmeyer |
| | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Plaintiffs have moved for remand of some twenty-nine cases pending before this court as

part of this multidistrict litigation. Each case was filed in Pennsylvania state court, removed by

Defendant Abbott Laboratories on the basis of diversity jurisdiction, and transferred to this district

by the Judicial Panel on Multidistrict Litigation. Some Plaintiffs are Pennsylvania citizens, while

others are not, but each Plaintiff asserts some claims against at least one hospital with

Pennsylvania citizenship.

Citing the presence of these "Hospital Defendants," Plaintiffs contend that each case must

be remanded to state court either because (1) complete diversity is absent, *see* 28 U.S.C.

---

[1] This opinion resolves motions to remand in twenty-nine cases that were removed from Pennsylvania state court before being transferred to this district and consolidated in the MDL: *Abdullah v. Mead Johnson & Co.*, No. 22 C 2511 [22]; *Drayton v. Mead Johnson & Co.*, No. 22 C 2513 [22]; *Stills v. Mead Johnson & Co.*, No. 22 C 2515 [23]; *Carter v. Mead Johnson & Co.*, No. 22 C 2516 [19]; *Taylor v. Mead Johnson & Co.*, No. 22 C 2517 [19]; *Weiger v. Mead Johnson & Co.*, No. 22 C 2518 [21]; *Wieger v. Mead Johnson & Co.*, No. 22 C 2519 [22]; *Henderson v. Mead Johnson & Co.*, No. 22 C 2611 [24]; *Hines v. Mead Johnson & Co.*, No. 22 C 2612 [23]; *Johnson v. Mead Johnson & Co.*, No. 22 C 2613 [23]; *McMillian v. Mead Johnson & Co.*, No. 22 C 2614 [24]; *Moment v. Mead Johnson & Co.*, No. 22 C 2615 [24]; *Walker-Savage v. Mead Johnson & Co.*, No. 22 C 2616 [19]; *Sanders v. Mead Johnson & Co.*, No. 22 C 2617 [23]; *Short v. Mead Johnson & Co.*, No. 22 C 2618 [24]; *Whitfield v. Mead Johnson & Co.*, No. 22 C 2619 [23]; *Thomas v. Mead Johnson & Co.*, No. 22 C 2620 [23]; *Williams v. Mead Johnson & Co.*, No. 22 C 2621 [23]; *Witherspoon v. Mead Johnson & Co.*, No. 22 C 2623 [22]; *Goodmond v. Mead Johnson & Co.*, No. 22 C 2712 [16]; *Goodmond v. Mead Johnson & Co.*, No. 22 C 2713 [16]; *Gray v. Mead Johnson & Co.*, No. 22 C 2714 [17]; *Kajuffa v. Mead Johnson & Co.*, No. 22 C 2716 [19]; *Mays v. Mead Johnson & Co.*, No. 22 C 2719 [17]; *Padilla v. Mead Johnson & Co.*, No. 22 C 2720 [18]; *Parker v. Mead Johnson & Co.*, No. 22 C 2760 [19]; *Ross v. Mead Johnson & Co.*, No. 22 C 2761 [19]; *Wiggins v. Mead Johnson & Co.*, No. 22 C 2762 [19]; *Watson v. Mead Johnson & Co.*, No. 22 C 2763 [16].

§ 1332(a), or (2) the forum-defendant rule prohibits removal, *see* 28 U.S.C. § 1441(b)(2). Defendant Abbott, which is not a citizen of Pennsylvania, concedes that the Hospital Defendants appear, at first blush, to either preclude diversity jurisdiction or trigger the forum-defendant rule in all twenty-nine cases. Abbott nevertheless opposes the remand motions. In its view, Plaintiffs cannot possibly succeed on their claims against the Hospital Defendants—and joined them solely to avoid federal court through jurisdictional gamesmanship. If this theory of "fraudulent joinder" were correct, the court would ignore the citizenship of the Hospital Defendants and keep these cases in federal court. The operative question, to verify Abbott's theory, is whether Plaintiffs have a reasonable possibility of prevailing on their claims against the Hospital Defendants in state court.

The court issued a preliminary ruling on Plaintiffs' motions in August. *In re Abbott Lab'ys*, No. 22 C 71, 2022 WL 3586150 (N.D. Ill. Aug. 22, 2022) [191]. In that opinion, the court rejected Abbott's fraudulent-joinder theory as to the substance of Plaintiffs' tort claims against the Hospital Defendants, *id.* at *7–9,[2] but noted a separate reason for concern about the viability of Plaintiffs' claims: Plaintiffs' failure to file "certificates of merit" (COMs) in accordance with Pennsylvania's rules of civil procedure, *id.* at *9–11. The court invited the parties to file supplemental briefing on the COM issue.

After reviewing the parties' supplemental briefing, the court now concludes that Abbott has not established that Plaintiffs lack any reasonably possibility of prevailing on their claims against the Hospital Defendants. Plaintiffs' motions to remand are granted.

---

[2] After that opinion issued, Hospital Defendants filed answers in five of the 29 cases. See *Goodmond v. Mead Johnson & Co.*, No. 22 C 2712 [21]; *Goodmond v. Mead Johnson & Co.*, No. 22 C 2713 [24]; *Gray v. Mead Johnson & Co.*, No. 22 C 2714 [23]; *Mays v. Mead Johnson & Co.*, No. 22 C 2719 [23]; *Watson v. Mead Johnson & Co.*, No. 22 C 2763 [22]. That the parties are at issue confirms the court's substantive conclusion, at least for those five cases.

**DISCUSSION**[3]

Plaintiffs assert two Pennsylvania state-law claims against the Hospital Defendants: negligent failure to warn and "negligent corporate liability of healthcare provider" (i.e., corporate negligence). (*See, e.g.*, Compl. ¶¶ 108–42, *Parker v. Mead Johnson & Co.*, No. 22 C 2760 [1-1].)[4] In the parties' previous briefing, Abbott argued that Plaintiffs had no reasonable possibility of prevailing on these claims because Plaintiffs had not alleged that the Hospital Defendants breached any duties that Pennsylvania law imposes on hospitals. The court disagreed, at least with respect to Plaintiffs' corporate-negligence claim. It concluded that "Abbott has not met its heavy burden of establishing there is no reasonable possibility of success for Plaintiffs' claim that Defendant Hospitals should have implemented policies or oversight to restrict the use of cow's-milk-based products for premature babies."[5] *In re Abbott Lab'ys*, 2022 WL 3586150, at *8.

Despite its conclusion that Plaintiffs had stated theoretically viable claims against the Hospital Defendants, the court could not determine, on the existing record, whether Plaintiffs had a reasonable possibility of prevailing. The court's hesitation related to Pennsylvania's requirement that certain types of claims be supported by a document known as a "certificate of merit" (COM). The court speculated that, even if Plaintiffs had stated theoretically viable claims against the Hospital Defendants, their failure to file COMs might nevertheless prevent them from prevailing in state court. The parties had "provided limited information about Plaintiffs' compliance" with the COM requirement—or about the relevance of such noncompliance to the

---

[3]     For relevant background information, and for elaboration of the fraudulent-joinder standard, the court refers readers to its prior opinion on these motions. *See In re Abbott Lab'ys*, 2022 WL 3586150, at *1–4.

[4]     In resolving these motions, the court treats the complaint in *Parker* as representative of the complaints in the other twenty-eight cases. *See In re Abbott Lab'ys*, 2022 WL 3586150, at *1 n.2.

[5]     Having arrived at this conclusion about Plaintiffs' corporate-negligence claim, the court declined to "determine conclusively whether Plaintiffs can proceed against Defendant Hospitals on a failure-to-warn theory." *See In re Abbott Lab'ys*, 2022 WL 3586150, at *8.

fraudulent-joinder analysis. *Id.* at *10. The court requested supplemental briefing to help fill those gaps. (*See* Abbott's Omnibus Supp. Mem. of Law in Opp. to Pls.' Mots. to Remand to Penn. [208] (hereinafter "Abbott's Supp. Mem."); Pls.' Supp. Br. in Supp. of Their Mots to Remand [209] (hereinafter "Pls.' Supp. Mem.").)

Pennsylvania Rule of Civil Procedure 1042.3 provides that "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard," the plaintiff must file a COM *within sixty days* after the filing of the complaint. PA. R. CIV. P. 1042.3(a) (emphasis added). The COM must attest that either (1) there is a reasonable probability that defendant's conduct fell outside acceptable professional standards and was a cause of the plaintiff's harm, or (2) no expert testimony is needed to prosecute the plaintiff's claim. PA. R. CIV. P. 1042.3(a)(1), (3). As the court noted in its prior opinion, the COM requirement appears to apply to both types of claims Plaintiffs have asserted against the Hospital Defendants: corporate negligence and negligent failure to warn.[6] *See In re Abbott Lab'ys*, 2022 WL 3586150, at *9 n.10 (citing *Stroud v. Abington Mem'l Hosp.*, 546 F. Supp. 2d 238, 248 (E.D. Pa. 2008); and PA. R. CIV. P. 1042.3(a) & note).

Plaintiffs filed these twenty-nine cases in Pennsylvania state court between March 24 and April 4, 2022. (Decl. of Celeste M. Brecht, Ex. to Abbott's Supp. Mem. [208-1] (hereinafter "Brecht Decl.") ¶ 2; *see, e.g.*, Compl., *Abdullah v. Mead Johnson & Co.*, No. 22 C 2511 (filed Mar. 24, 2022), Ex. A-1 to Notice of Removal [1-1]; Compl., *Gray v. Mead Johnson & Co.*, No. 22 C 2714 (filed Apr. 4, 2022), Ex. A-1 to Notice of Removal [1-1].) Based on these filing dates, Plaintiffs were required to file COMs by sometime between May 23 (in the earliest-filed cases, like *Abdullah*) and June 3 (for the latest-filed cases, like *Gray*). *See* PA. R. CIV. P. 1042.3(a) (requiring a COM to be filed "within sixty days after the filing of the complaint").

---

[6] For what it's worth, Plaintiffs note that they "do not concede here that a certificate of merit is required for the claims brought against the Pennsylvania Hospital Defendants." (Pls.' Supp. Mem. at 5 n.1.) But Plaintiffs do not explain their reasoning in detail.

Abbott contends that Plaintiffs missed these COM filing deadlines and therefore cannot possibly succeed on their claims against the Hospital Defendants.  But "removability is determined from the record before the court at the time the notice of removal is filed in federal court."  14C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 3723 (rev. 4th ed. 2022) (footnote omitted); *see also Perez v. Staples Cont. & Com. LLC*, 31 F.4th 560, 567 (7th Cir. 2022) (similar).  At the time Abbott removed these cases, the 60-day COM deadline had not yet passed.  (*See* Brecht Decl. ¶ 6 (noting that these cases were removed between May 2 and May 11—several weeks before the COM deadlines that fell between May 23 and June 3).)  The court cannot conclude that Plaintiffs' failure to file timely COMs dooms their claims against the Hospital Defendants, as no such failure occurred before removal.

Since the time that these cases were removed many months ago, the Hospital Defendants in 23 of 29 cases have filed, on the federal dockets, motions to dismiss for Plaintiffs' failure to file COMs.[7]  (*See* Brecht Decl. ¶ 8.)[8]  Plaintiffs, in turn, eventually filed COMs in all 29 cases (on September 2).  (*See* Pls.' Supp. Mem. at 4–5.)  Both sides argue vigorously about these federal-court filings, but the court finds that these arguments are largely a distraction from the central inquiry: whether removal was proper at the time it was initiated.  It was not.  Plaintiffs had stated at least some potentially viable claims against the Hospital Defendants, *In re Abbott Lab's*, 2022 WL 3586150, at *8, and their deadlines to file COMs (or to contest their necessity) had not yet

---

[7]    In the other 6 of 29 cases, the Hospital Defendants recently filed—on the federal dockets—"notice[s] of intent to enter judgment of *non pros* for failure to file certificate of merit." (Brecht Decl. ¶ 7.)  The court reminds Defendants that the Federal Rules of Civil Procedure do not contemplate the entry of judgments of *non pros*.  *Keel-Johnson v. Amsbaugh*, No. 7 C 200, 2009 WL 648970 at *3 (M.D. Penn. Mar. 10, 2009).  To obtain dismissal for the plaintiff's failure to file a timely COM under Rule 1042.3, a defendant in federal court must file a motion to dismiss. *Id.* at *3 & n.2 (noting that such a motion can be brought under Rule 12(b)(6) or Rule 41(b)).

[8]    In 19 of these 23 cases, the Hospital Defendants filed motions to dismiss on August 29, the date of the declaration.  (*See* Brecht Decl. ¶ 8.)  In the remaining 4 cases, the Hospital Defendants filed their motions to dismiss the next day, on August 30.  *See Kajuffa v. Mead Johnson & Co.*, No. 22 C 2716; *Parker v. Mead Johnson & Co.*, No. 22 C 2760; *Ross v. Mead Johnson & Co.*, No. 22 C 2761; *Wiggins v. Mead Johnson & Co.*, No. 22 C 2762.

passed.  It is therefore not possible to conclude that Plaintiffs had no reasonable possibility of prevailing on these claims at the time of removal.

Abbott contends that if these cases are remanded, Plaintiffs' claims against the Hospital Defendants "will inevitably be dismissed" for failure to file timely COMs.  (Abbott Supp. Mem. at 2.)  But dismissal may well not be inevitable.  For one thing, a Pennsylvania court might find, on remand, that the 60-day COM deadlines were tolled for the duration that these cases were in federal court.  If Plaintiffs filed their COMs soon after remand, they might be deemed timely.[9]

Moreover, the court is not certain that Plaintiffs' claims are doomed by their failure to submit a COM, even if the deadline were not tolled. The COM requirement "is not self-enforcing." *Moore v. John A. Luchsinger, P.C.*, 2004 PA Super 432, ¶ 5, 862 A.2d 631, 633.  In Pennsylvania state court, a case can be dismissed for failure file a COM only if a defendant satisfies two prerequisites.  First, the defendant must file and serve a "notice of intention to enter judgment of non pros."  PA. R. CIV. P. 1042.6(a).  This notice of intention (NOI) may be filed "no sooner than the thirty-first day after the filing of the complaint."  *Id.*  Second, the defendant must submit to the prothonotary (i.e., a clerk of court) a praecipe (i.e., a written request) seeking entry of a judgment of *non pros* (i.e., failure to pursue claim) against the plaintiff for failing to file a certificate of merit. PA. R. CIV. P. 1042.7(a); *see also Prothonotary*, BLACK'S LAW DICTIONARY (11th ed. 2019); *Praecipe*, BLACK'S LAW DICTIONARY (11th ed. 2019); *Non prosequitur*, BLACK'S LAW DICTIONARY (11th ed. 2019).  On receiving the praecipe from the defendant, the prothonotary automatically enters a judgment of *non pros*, but only if a few conditions are met: (1) there is no pending motion

---

[9]     Alternatively, Plaintiffs could file motions seeking a determination by the state court that COMs are not necessary anyway.  Pennsylvania law allows a plaintiff to file such a motion "at any time prior to the entry of a judgment" for failure to file a COM.  PA. R. CIV. P. 1042.6(c).  If the COM deadlines were tolled, then these deadlines would likely be tolled as well.  As noted above, Plaintiffs have indicated that they might, in fact, intend to file such motions.  (*See* Pls. Supp. Mem. at 5 n.1 ("Plaintiffs do not concede here that a certificate of merit is required for the claims brought against the Pennsylvania Hospital Defendants, in particular for the failure to warn claims.").)  This court expresses no opinion on whether such motions would be granted.

by the plaintiff for determination that a COM is not required, (2) there is no pending motion by the plaintiff seeking to extend the time to file a COM, (3) the plaintiff has not, in fact, filed a COM, (4) the defendant attached, to the praecipe, a certificate of service for its NOI, and (5) the defendant filed the praecipe no sooner than thirty days after it filed the NOI. *See* PA. R. CIV. P. 1042.7(a)(1)–(4).

Even if Defendants took all required steps, and all conditions were met, and judgments of *non pros* were entered as described above, Plaintiffs might still petition the state court to open those judgments. *See Womer v. Hilliker*, 589 Pa. 256, 272, 908 A.2d 269, 279 (2006) (citing PA. R. CIV. P. 3051); *see also Stroud*, 546 F. Supp. 2d at 249 (noting that a *non pros* judgment "effectively constitutes a dismissal of the cause without prejudice"). A court may reopen a *non pros* judgment at its discretion, provided it finds that the petition to open is timely, that there is a reasonable excuse for the failure to file a timely COM, and that there is a meritorious cause of action. *Stroud*, 546 F. Supp. 2d at 249–50 (citing *Womer*, 589 Pa. at 271–72, 908 A.2d at 279; and PA. R. CIV. P. 3051).

This court can only speculate about how Plaintiffs would fare under this "reasonable excuse" standard for reopening a *non pros* judgment. To reiterate, Plaintiffs' cases were removed to federal court before the 60-day COM deadline ever passed, and Plaintiffs have been pursuing remand ever since. True, Abbott's opposition papers have long noted Plaintiffs' alleged failure to filed COMs. (*See* Abbott's Supp. Mem. at 9–10.) But, as Plaintiffs point out, "Abbott argued that the fact the certificates had not yet been filed showed a lack of *intent* to proceed with the claims, not a substantive defect." (Pls. Supp. Mem. at 5 n.1.) And, in any event, it is difficult to see how a Pennsylvania state court would find it unreasonable for Plaintiffs not to have filed "timely" COMs with a federal court that they believed lacked jurisdiction over their claims in the first place. *See* 28 U.S.C. §§ 1332(a), 1441(b)(2).

In light of the procedural and substantive contingencies surrounding the enforcement of Pennsylvania's COM requirement, the court is unwilling to find that Plaintiffs have no reasonable

possibility of prevailing against the Hospital Defendants in state court. Because Abbott has not established fraudulent joinder, the court need not determine whether that doctrine applies to the forum-defendant rule.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs' motions to remand are granted.[10]

ENTER:

Dated: October 12, 2022

_____
REBECCA R. PALLMEYER
United States District Judge

---

[10]    The docket numbers of Plaintiffs' motions to remand are identified in footnote 1.